KELLY *et al.* v. STATE.

No. 2633.    Opinion Filed September 15, 1914.

Petition for Rehearing Denied January 9, 1915.

(145 Pac. 319.)

1.    BAIL—Actions—Parties. The state is a proper party plaintiff in a suit on a forfeited bail bond against the defendant and his sureties, which suit must be instituted by the county attorney in the name of the state.

2.    SAME—Pleading—Sufficiency of Answer. In this case suit was

filed by the county attorney in the name of the state upon a forfeited bail bond against the defendant and his sureties. The defendant in the original case failed to appear. The sureties appeared and filed their answer, alleging, in substance, that the defendant was not guilty of any offense under the law, and that the petition did not show that he had violated any law of the state. Motion was filed for judgment on the pleadings, which motion was by the court sustained. Held, the answer constituted no legal defense, and the court committed no error in granting judgment on the pleadings.

(Syllabus by the Court.)

*Error from District Court, Blaine County;*

*James R. Tolbert, Judge.*

Action by the State against W. R. Kelly and another. Judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 40 Okla. 355, 138 Pac. 167.

*Seymour Foose* and *Baker & Bloss,* for plaintiffs in error.

*A. L. Emery,* Co. Atty., and *J. P. Wishard,* for the State.

RIDDLE, J. This suit was instituted in the district court of Blaine county by the state of Oklahoma, through its county attorney, against W. R. Kelly and D. H. Haskins upon an appearance bond in the sum of $1,000, executed by one T. B. Smith, as principal, and plaintiffs in error, defendants below, as sureties; said bond conditioned for the personal appearance of said Smith before the district court on the 7th day of August, 1908, and from day to day and term to term until legally discharged by the court. Smith failed to make his appearance, and the bond was duly forfeited and an order entered to that effect.

The petition, in substance, alleges the filing of a complaint, issuance of a warrant, and the arrest of Smith, charged with an offense against the laws of the state; the preliminary examination, the order holding defendant to await the action of the district court; the execution and filing of said board with plaintiffs in

error as sureties; the indictment of the defendant by the grand jury; the failure of the defendant Smith to make his appearance before the court, and that an order was duly made forfeiting the bond; and that judgment was entered thereon. Plaintiffs in error filed motions to dismiss and abate the action, which motions were by the court overruled. The main ground of the motions was that the suit was not prosecuted in the name of the real party in interest. They each filed a demurrer to the petition, which demurrers were by the court overruled and exceptions taken. The demurrers raised substantially the same questions relied upon in the motions to dismiss. Plaintiffs in error thereafter filed answers, consisting: First, of a general denial: second, that defendant Smith was not guilty of any offense against the laws of the state, and particularly the offense of which he is charged; third, that the petition does not allege that defendant was guilty of any offense under the law. The county attorney filed a motion for judgment on the pleadings, which was by the court sustained. Exceptions were taken to the judgment, and the case is now in this court upon a petition in error.

The alleged errors relied upon for reversal of the cause are: First, error in the court in overruling the motion to dismiss and abate said action; second, error in overruling the demurrers filed by each of said defendants; third, error of the trial court in sustaining the motion of the state for judgment on the pleadings. These various assignments raise only two propositions of law: First, was the suit prosecuted in the name of the real party in interest? Second, did the answer constitute any defense to the cause of action set up in the petition? We have carefully examined the record, and, in our judgment, there is no merit in the contention that the suit was not prosecuted in the name of the real party in interest. The written instrument sued upon, as by law required, was made payable to the state of Oklahoma. It is clear from the record that the suit was prosecuted in the name of the state by and through the duly authorized and

acting county attorney; and the contention made by the defendants that their petition is contrary to section 7112, Comp. Laws 1909 (Rev. Laws 1910, sec. 6110.) is purely technical, and cannot be sustained. This section provides that, after the forfeiture, the district attorney shall proceed with all diligence by action against the bail upon the instrument so forfeited. The record discloses that the county attorney did institute this suit in behalf of the state, and that he proceeded with due diligence.

It is next contended that the allegations in the answer that the principal defendant, Smith, was not guilty of any offense under the law, and that the petition did not show that he had violated any law of the state, constituted no defense whatever to the cause of action. The appearance bond which he executed and which was signed by plaintiffs in error as sureties did not provide that the defendant should make his personal appearance only upon condition that his codefendant was proven guilty, or that he should appear only in the event that it was shown that he was guilty of the offense; but the condition was that he would personally appear before the district court on the 7th day of August, 1908, and from term to term and from day to day of each term, and to abide the order of said court, and to do and receive what shall be enjoined by said court upon him, and shall not depart the said court without leave thereof. The purpose of the law requiring the execution and filing of the appearance bond was that he should appear before the court, so that his guilt or innocence could be determined.

We find no merit in any of the contentions made by the plaintiffs in error, and the judgment of the trial court is accordingly affirmed.

All the Justices concur.